The opinion of the Court was delivered by
Nott, J.
The only question in this case is, whether the instrument of writing, on which the action was brought, comes within the provisions of *154 the Act of Assembly of 1798,[1] (1 Brev. Dig., 90 ; 2 Faust, 214,) authorizing assignees of certain bonds and notes, not negotiable, to bring actions in their own names.
Clarke and Buchanan, for the motion. Pearson, contra.
No chose in action was assignable at common law. Bills of exchange owe their existence to mercantile enterprise, and become negotiable by the custom of merchants, contrary to the maxim of the common law. Promissory notes soon followed after, and were made negotiable by the Stat. of 3 & 4 Ann,[2] when made payable to order or bearer. But that statute embraces such notes only as are for the payment of money absolutely, and not those for the delivery of property; so that, in a legal sense, no note is considered a “promissory note,” except it be for the payment of money only, (see Martyn v. Chantry, 2 Strange, 1271,) and even those were not assignable, qnless payable to order or bearer, until they were made so by the Act of Assembly above mentioned. The object of that Act is declared by the Act itself to be, to remedy the “ inconveniences which have been experienced from the assignees of bonds, notes, or bills of exchange, not payable to order, or not negotiable, being compelled to bring suit for the Recovery of moneys due thereon, in the names of the obligees of said bonds, or payees of said notes or bills.” Like the statute of Ann, therefore, it relates to such notes only as are for the payment of money.[3] The note in question is not of that descrip^011’ an<^ assignee was not authorized to bring suit in his own name.
The motion, therefore, to set aside the nonsuit must be refused.
Colcock, Cheves and Johnson, JJ., concurred.
Gantt, J., dissented.

 5 Stat. 330.

 8 Rich. 446; Cheves, 92; 1 Strob. 44.

 11 Rich. 436; 1 Hill, 375; 3 McC. 218; 4 Strob. 482.